### IRIS CARRINGTON V. THE STATE.

No. 18949.   Delivered May 12, 1937.

The opinion states the case.

W. E. Bell, of Houston, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; penalty assessed at confinement in the penitentiary for a period of five years.

The State's witness, Mamie Burns, testified that she was the common-law wife of Henry Jordan or Jurdeson, the deceased; that about seven o'clock in the morning of August 2, 1936, as she and the deceased were asleep in bed the appellant appeared with a gun and shot the deceased in the head, killing him instantly. According to the testimony of the witness, the deceased had a wife in Louisiana who came over to claim his body.

Ella Williams testified that she saw the appellant going toward the house were the homicide occurred; that after hearing a pistol shot she saw the appellant go out of the alley with a pistol in his hand. Upon going to the house where she heard the shot she found the body of the deceased lying in bed where he had been killed.

A police officer testified that appellant came to the office of the Homicide Department of the City of Houston and surrendered, telling the officer that he had killed the deceased with a pistol and also informing the officer where the pistol might be found.

The appellant testified that he had been acquainted with Mamie Burns for some three or four months; that on Saturday night he met her on the street about twelve o'clock; that she begged him to go home and spend the night with her. When they reached the home of Mamie Burns, she asked the appellant for his money, which he gave her, as he intended to spend the night with her. Appellant undressed and went to bed. The deceased appeared at the door, came in and said to the appellant: "I suspect you better get up and get going." As appellant was preparing to leave he was attacked by the deceased and struck over the head with a chair. Appellant left but returned the next morning for the purpose of getting his money from Mamie Burns, when he was attacked by the

deceased who had an ice pick in his hand. Appellant then shot the deceased and ran out of the house.

The only question presented for review is the claimed misconduct of the jury in that during the deliberation of the case it received other testimony. The matter is presented only by the affidavit of one of the jurors which is attached to the motion for new trial. In the affidavit, however, it is not shown when the alleged statement on the part of the juror was made, that is, whether it was before or after the jury had arrived at a verdict in the case. In his qualification of the bill of exception the trial judge states that the affidavit does not show whether the mention of the deceased's character or reputation was good or bad. The judge also states that he was not requested by the appellant or his counsel to delay the motion for new trial and have the jurors summoned into court to testify, but the motion with the affidavit attached was presented without argument or statement from either counsel for the State or the appellant. In view of the qualification of the court, we think no error is shown by the bill.

The judgment is affirmed.

*Affirmed.*